# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 5:22-cr-41 |
| ) | |
| PLAINTIFF, ) | CHIEF JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| RYAN LOWNSBURY, ) | |
| ) | |
| DEFENDANT. ) | |

On April 16, 2024, *pro se* defendant Ryan Lownsbury ("Lownsbury" or "defendant") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 43 (§ 2255 Motion); Doc. No. 43-1 (Memorandum in Support).)[1] Relying on the Supreme Court's 2022 decision in *New York State Riffle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022), Lownsbury argues that his conviction for being a felon in possession of a firearm and ammunition, under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), is unconstitutional. (*See* Doc. No. 43, at 4; *see generally* Doc. No. 43-1.) Plaintiff United States of America (the "government") has filed an opposition to the motion (Doc. No. 46 (Response)) challenging the

---

[1] The prison mailbox rule, announced in *Houston v. Lack*, 487 U.S. 266, 270–72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), provides that a federal prisoner's *pro se* motion to vacate is ordinarily deemed filed on the date that it was submitted to prison mailing officials. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). While Lownsbury's motion was filed on the docket on April 24, 2024, it appears that it was placed in the prison mail system on April 16, 2024. (*See* Doc. No. 43, at 7 (All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.).) Affording Lownsbury every benefit of the doubt, the Court will assume, for purposes of the government's timeliness argument, that Lownsbury's motion was filed on April 16, 2024.

motion as untimely, barred by the plea agreement, and procedurally defaulted. Lownsbury did not file a reply, and the time for filing a reply has passed. (*See* Doc. No. 44 (Scheduling Order); Order [non-document], 6/13/2024.)

As set forth below, the Court agrees with the government on all fronts. Additionally, the Court finds that the motion would fail on the merits because the felon-in-possession statute is constitutional on its face and as applied to Lownsbury.

## I. BACKGROUND

On February 17, 2022, a one-count indictment issued charging Lownsbury with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 1 (Indictment).) Specifically, the indictment provided that, on October 23, 2021, Lownsbury possessed a Glock, Model 43X, 9mm pistol and ammunition, having previously been convicted of aggravated trafficking in drugs and aggravated assault in state court. (*Id.* at 1.)

On June 24, 2022, with the assistance of counsel and the benefit of a plea agreement, Lownsbury entered a guilty plea to the sole charge in the indictment. (Minutes of Proceedings [non-document], 6/24/2022; *see* Doc. No. 19 (Consent to Appear before the Magistrate Judge); Doc. No. 21 (Report and Recommendation ("R&R")); Doc. No. 24 (Order Adopting the R&R and Accepting the Guilty Plea); Doc. No. 35 (Plea Agreement).)

The plea agreement contained a broad waiver provision restricting Lownsbury's appellate rights including his right to take a direct appeal and a collateral attack of his sentence. With respect to the latter, the waiver provision generally precluded the filing of a "proceeding under 28 U.S.C. § 2255." (Doc. No. 35 ¶ 19.) Carved out of the waiver was the right to appeal: "(a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of

the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in [the] agreement, using the Criminal History Category found applicable by the Court." (*Id.*) The waiver further provided that "[n]othing in [the waiver] shall act as a bar to [Lownsbury] perfecting any legal remedies [Lownsbury] may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct." (*Id.*)

On October 6, 2022, the Court sentenced Lownsbury to a custody term of 36 months, with credit for time served, to be followed by 3 years of supervised release. (Doc. No. 40 (Judgment); Minutes of Proceedings [non-document], 10/06/2022.) Lownsbury did not take a direct appeal from the Court's judgment. Instead, he filed the present motion to vacate on April 16, 2024.

II. **STANDARD OF REVIEW**

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (2003)). A court may only grant relief under § 2255 if the petitioner

demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. Indeed, "[b]ecause courts must be able to rely on a defendant's statements during a plea colloquy, 'allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Caruthers v. United States*, No. 3:07-cr-0635, 2008 WL 413631, at *5 (M.D. Tenn. Feb 12, 2008) (quoting *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005)). Therefore, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Posey v. United States*, No. 3:20-cv-00121, 2020 WL 2129235, at *9 (M.D. Tenn. May 5, 2020) (quoting *Lemaster,* 403 F.3d at 221–22). That is because "[t]he plea colloquy process exists in part to prevent

4

defendants from making such claims [of misrepresentation and a lack of understanding]." *Barnett v. United States,* No. 2:10-cr-116, 2017 WL 160896, at *4 (E.D. Tenn. Jan. 13, 2017) (citing *Ramos v. Rogers*, 170 F.3d 560, 560–66 (6th Cir. 1999)). "Otherwise, a defendant could plead guilty in the hope of obtaining favorable treatment during sentencing while reserving the right to raise all manner of constitutional claims if the result of the sentencing process was not as he had hoped." *Id.* at *7.

Accordingly, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255." (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962))); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where, as here, the judge considering the § 2255 motion also presided over the sentencing hearing, the judge may rely on his or her recollections of those proceedings. *See generally Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. The undisputed facts in the record demonstrate that Lownsbury has procedurally defaulted on his claim, and that the motion, itself, is time-barred and otherwise entirely without merit.

III. **DISCUSSION**

**A. Lownsbury's Second Amendment Claim is Procedurally Defaulted**

As an initial matter, Lownsbury is procedurally barred from pursuing his Second Amendment challenge in a § 2255 motion because he voluntarily forfeited this right pursuant to his plea agreement. (*See* Doc. No. 35 ¶ 19.) The Sixth Circuit has consistently held that plea agreement waivers of the right to appeal, including the right to bring motions under 28 U.S.C. § 2255, are generally enforceable. *See Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018); *Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017); *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017). As long as the appeal waiver agreement is made knowingly and voluntarily, courts will enforce the waiver. *See Morrison*, 852 F.3d at 490; *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

Here, Lownsbury specifically waived his right to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. (Doc. No. 35 ¶ 19.) The magistrate judge engaged Lownsbury in a Fed. R. Crim. P. 11 colloquy, wherein after placing Lownsbury under oath, the magistrate judge reviewed with him the plea agreement and the rights he was giving up by entering a guilty plea, including the rights he was forfeiting by means of the waiver provision, in order to insure that he understood those rights, intended to waive those rights, and further intended to change his plea to guilty. (Doc. No. 22 (Transcript of Guilty Plea Hearing), at 12–30.) Lownsbury also stated that he was not threatened, coerced into pleading guilty, or made any promises in exchange for his guilty plea. (*Id*. at 31.) Because Lownsbury tendered a knowing, intelligent, and voluntary guilty plea, the waiver

provision in the plea agreement is enforceable and serves to bar the present collateral attack on the constitutionality of § 922(g)(1). (*See id*. at 39–40.) The motion, therefore, is barred by the waiver provision in the plea agreement.

The government also argues that Lownsbury is procedurally barred from pursuing his Second Amendment challenge under *Bruen* in a § 2255 motion because he failed to raise it before this Court or on direct appeal. (Doc. No. 46, at 3.) *Bruen* was decided on June 23, 2022, while Lownsbury's case was pending before this Court. Lownsbury entered his guilty plea a day later on June 24, 2022, and it was thereafter accepted by the Court. (*See* Doc. No. 24; Order [non-document], 6/24/2024.) Lownsbury was not sentenced until October 6, 2022, affording ample time in which to file a motion to dismiss. Accordingly, at the very least, Lownsbury had both the opportunity and the ability to raise the issue on direct appeal but failed to do so.

A criminal defendant may not utilize a § 2255 motion as a substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 . . . should not be considered a substitute for direct appeal."); *see Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). As a result, is well settled that issues not raised on direct appeal are procedurally defaulted and "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1064, 140 L. Ed. 2d 828 (1998); *United States v. Frady*, 456 U.S. 1584, 1603–04, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1998)).

Lownsbury has not argued cause and prejudice to establish his failure to raise the claim before this Court prior to sentencing or on direct appeal. Alternatively, he has failed to demonstrate that he is actually innocent of the crime of being a felon-in-possession, and his claim that § 922(g)(1) is unconstitutional cannot establish that he is actually (and factually) innocent of the charge in the indictment. *See Bousley*, 523 U.S. at 623–24 (noting that "'actual innocence' means factual innocence, not mere legal insufficiency" (citing *Sawyer v. Witley*, 505 U.S. 333, 339, 112, S. Ct. 2514, 120 L. Ed. 2d 269 (1992))). Rather, to establish actual innocence, Lownsbury would have had to demonstrate that, "'in light of all the evidence,' it is more likely than not that no reasonable juror would have convicted him." *Id*. (quoting *Schlup v. Delo,* 513 U.S. 298, 327–28, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) (further quotation marks and citation omitted)). Lownsbury has not established that it is more likely than not that no reasonable juror would have convicted him on the evidence in this case, and, in fact, he admitted to the factual predicate underlying the charge under questioning by the magistrate judge during the plea colloquy (*see* Doc. No. 22, at 31–39) and as set forth in his written plea agreement (*see* Doc. No. 35, at ¶ 21). He has, therefore, failed to establish a basis for excusing the procedural default in this case, and the motion is denied for this additional reason.

**B.  Lownsbury's Motion is Time-Barred**

The government also challenges the motion to vacate on timeliness grounds. (*See* Doc. No. 46, at 3–4.) The Anti-Terrorism and Effective Death Penalty Act ("ADEPA") "provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). Specifically, a prisoner must file his § 2255 motion within one year of the latest of:

8

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the judgment of conviction was entered on October 6, 2022. Because Lownsbury did not appeal his conviction or sentence, the one-year statute of limitations period began to run 14 days later on October 20, 2022. *See Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (where the defendant "does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed" (citing *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004))); *see also* Fed. R. App. P. 4(b)(1)(A)(i) (allowing for a direct appeal to be taken within 14 days of the entry of judgment). Lownsbury was required to file his § 2255 motion by October 20, 2023. Instead, he filed the instant motion approximately 6 months after the limitations period had expired. Accordingly, the motion is not timely under § 2255(f)(1).

Lownsbury does not identify an impediment created by the government or new facts supporting a claim that were subsequently discovered through the exercise of due diligence. *See* § 2255(f)(2), (4). And while Lownsbury premises his motion to vacate on the Supreme Court's ruling in *Bruen*, he cannot rely on § 2255(f)(3)—providing for the filing of a motion to vacate within one year of the announcement of a new right recognized by the United States Supreme

9

Court and made retroactively available to individuals on collateral review—to justify the delay in filing the present § 2255 motion. The Supreme Court in *Bruen* did not announce a new rule of constitutional law for convicted felons. *See In re Clark*, No. 23-1401, 2023 U.S. App. LEXIS 30481, at *3 (6th Cir. Nov. 15, 2023) (denying permission to file a second or successive habeas petition challenging the constitutionality of a § 922(g)(1) conviction, concluding that "*Bruen* did not 'cast doubt on longstanding prohibitions on possession of firearms by felons'" (quoting *Bruen*, 597 U.S. at 81 (Kavanaugh, J., concurring) (only LEXIS cite available))). *See, e.g., Harbin v. United States*, No. 1:20-cr-802, 2024 WL 757103, at *3 (N.D. Ohio Feb. 22, 2024) (denying § 2255 motion premised on *Bruen* as time-barred, in part, because *Bruen* did not create a new right initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review (citing *In re Clark*, 2023 U.S. App. LEXIS 30481, at *3)).

In any event, Lownsbury did not file his motion within one year of the Supreme Court's ruling in *Bruen*, which was decided on June 23, 2022. Rather, Lownsbury's motion was not filed until April 16, 2024. Accordingly, even if *Bruen* had announced a new constitutional rule made retroactively applicable to prisoners on collateral review (which it did not) and Lownsbury could not have raised it on direct appeal (which he could have), Lownsbury would have been too late to avail himself of the ruling in *Bruen*. *See, e.g., Harbin*, 2024 WL 757103, at *4. Because Lownsbury's § 2255 motion is untimely, it is denied for this additional reason.

### C. Lownsbury's Conviction does not Violate the Second Amendment

Even if the Court reached the merits of Lownsbury's motion, it would find no basis for vacating his conviction and sentence under 18 U.S.C. § 922(g)(1). This Court has already exhaustively addressed the constitutionality of § 922(g)(1) in the wake of *Bruen*, and it has

10

specifically rejected the arguments now raised by Lownsbury in his § 2255 motion in that prior decision. *United States v. Brown*, No. 1:22-cr-704, 2023 WL 7323335, at *4 (N.D. Ohio Nov. 7, 2023) (holding that "[t]his Court is bound by Supreme Court and Sixth Circuit precedent finding restrictions on gun ownership by convicted felons, such as those found in § 922(g)(1), constitutional"); *see United States v. Lucas*, No. 5:22-cr-561, 2024 WL 895317 (N.D. Ohio Mar. 1, 2024) (same). In so ruling, the Court joined the "vast majority of courts to address the issue" and concluded that "*Bruen* did not 'overturn, re-write, or alter' the Supreme Court's prior determinations that restrictions on the right of convicted felons to possess weapons are constitutional." *Brown*, 2023 WL 7323335, at *2–4 (collecting cases and noting that "the Supreme Court has been *consistently* clear that its Second Amendment jurisprudence has cast no doubt on the validity of the prohibitions on the possession of firearms by convicted felons" (citations omitted) (emphasis in original)).

Recently, the Sixth Circuit weighed in on the question of *Bruen's* effect, if any, on the constitutionality of federal felon-in-possession laws. *United States v. Williams*, No. 23-6115, 2024 WL 3912894 (6th Cir. Aug. 23, 2024). In *Williams*, the defendant raised both a "facial" and an "as applied" challenge to the constitutionality of § 922(g)(1). 2024 WL 3912894, at *1. As to the facial challenge, the court applied *Bruen's* analytical framework and found that the "Second Amendment's plain text presumptively protects Williams's conduct." *Id.* at *7 (finding that Williams, a convicted felon, was "a member of the people claiming 'the right' to possess a gun—to 'keep and bear arms.'" (quoting *Heller*, 554 U.S. at 582)). The court then engaged in an exhaustive exploration and discussion of the history of gun regulation before concluding that "our nation's history and tradition demonstrate that Congress may disarm individuals they believe are

11

dangerous. Section 922(g)(1) is an attempt to do just that." *Id*. at *13. Because there exists a set of circumstances under which § 922(g)(1) would be valid, the ruling in *Williams* would forestall Lownsbury's facial challenge to § 922(g)(1). *See id*. at *18.

Lownsbury's "as applied" challenge would fare no better. Returning to the ruling in *Williams*, the Sixth Circuit found that the defendant could not mount an "as applied" challenge to § 922(g)(1) because his "criminal record shows that he's dangerous[.]" *Williams*, 2024 WL 3912894, at *17. The court observed that Williams had been convicted of two felony counts of aggravated robbery, which it noted was a crime "[a]ccomplished with a deadly weapon." *Id*. (citing Tenn. Code Ann. § 39-13-402). "That offense alone[,]" the court found, was "sufficient to conclude that Williams, if armed, presents a danger to others or the public." *Id*. But Williams had also been convicted of attempted murder and had a prior conviction of being a felon-in-possession." *Id*. The court found that the "government could've pointed to any one of those convictions to demonstrate his dangerousness." *Id*. Such a showing, the court therefore held, was more than sufficient to demonstrate that "Williams may be constitutionally disarmed through a class-based statute like § 922(g)(1)." *Id.*

The court in *Williams* ultimately concluded that,

A person convicted of a crime is "dangerous" and can thus be disarmed, if he has committed (1) a crime "against the body of another human being," including (but not limited to) murder, rape, assault, and robbery, or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary. An individual in either of those categories will have a very difficult time, to say the least, of showing he is not dangerous.

*Id*. at *18.[2]

Applying *Williams* to the facts of this case, the Court would have had "little trouble" concluding that Lownsbury is a dangerous person who may be constitutionally disarmed. *See id*. As the indictment alleges, Lownsbury admits, and the presentence report confirms, Lownsbury was convicted of felony aggravated trafficking in drugs[3] and aggravated assault.[4] (*See* Doc. No. 1, Doc. No. 22, at 34-35, and Doc. No. 32, at 11-12 (¶¶ 34-35).) Drug trafficking is a crime that the court in *Williams* specifically identified as an offense that "inherently poses a significant threat of danger" to the public. *Id*. at *15, 18 (noting that drug trafficking presents a "prime example" of a crime that poses a serious threat of danger); *see United States v. Stone*, 608 F.3d 939 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community." (citation omitted)). Aggravated assault fits neatly into the first category identified in *Williams*; namely, a "crime against the body of another."[5] These crimes, alone, would be more than sufficient to convince this Court that Lownsbury is dangerous. But Lownsbury's criminal record also includes a felony conviction for carrying a concealed weapon. (*See* Doc. No. 32, at 9 (¶ 32).) This latter crime, which the Court finds also poses a significant threat of danger to the community, when

---

[2] The court in *Williams* observed that "[a] more difficult category involves crimes that pose no threat of physical danger, like mail fraud, tax fraud, or making false statements." *Id*. It noted, however, that "such a case [was] not before" the court. *Id*. As in *Williams*, this third category is not before *this* court given Lownsbury's criminal history.

[3] The docket for Summit County Common Pleas Court Case No. CR-2015-10-3098 can be found at: https://clerkweb.summitoh.net/RecordsSearch/Dockets.asp?CaseID=677592&CT=&Suffix= (last visited Sept. 23, 2024).

[4] The docket for Cuyahoga County Common Pleas Court Case No. CR-16-610866 can be found at: https://cpdocket.cp.cuyahogacounty.gov/CR_CaseInformation_Docket.aspx?q=m9HicrabNoKzLJ8W8gLEc6x6mqA9AAab1ID9Qjaml681 (lasted visited Sept. 23, 2024).

[5] The Indictment in Cuyahoga County Common Pleas Court Case No. CR-16-610866, filed November 10, 2026, provided that Lownsbury "did knowingly cause serious physical harm to [the victim]." According to the state court docket, Lownsbury pleaded guilty to the offense (aggravated assault) on February 27, 2017, and was sentenced on April 13, 2017.

13

considered in combination with his felony aggravated drug trafficking and aggravated assault convictions, would leave no doubt that Lownsbury is dangerous and may be prohibited from owning or possessing a firearm or ammunition. Accordingly, Lownsbury's "as applied" challenge to § 922(g)(1) would also fall flat.

For this additional reason, Lownsbury's motion to vacate must be denied.

IV. CONCLUSION

For the foregoing reasons, Lownsbury's motion to vacate is denied. Further, for all of the same reasons, the Court finds that reasonable jurists would not debate the Court's denial of Lownsbury's motion to vacate as procedurally barred, untimely, and without merit. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Accordingly, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: September 23, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**